CORNELIUS KANOUSE, PLAINTIFF IN ERROR, *v.* JOHN M. MARTIN.

Where a motion was made, under the 12th section of the Judiciary Act, to remove a cause from a State Court to the Circuit Court of the United States, notwithstanding which the State Court retained cognizance of the case, and it was ultimately brought to this court under the 25th section of the Judiciary Act, a motion to dismiss it for want of jurisdiction cannot be sustained. The question will remain to be decided upon the full hearing of the case.

A MOTION was made by *Mr. Martin*, to dismiss this case, which was argued by himself and *Mr. Garr*.

The circumstances, upon which the motion was based, are stated in the opinion of the court.

Mr. Chief Justice TANEY delivered the opinion of the court. This is a writ of error, directed to the Superior Court of the City of New York, and a motion has been made by the defendant in error to dismiss it for want of jurisdiction.

The record shows that a suit was brought by the defendant in error against the plaintiff, in the State Court above mentioned; the former being a citizen of New York, and the latter a citizen of New Jersey. The plaintiff in error, at the time of entering his appearance in the State Court, filed his petition, stating the citizenship of the parties, and praying for the removal of the cause for trial into the next Circuit Court, to be held in the district where the said suit was pending; and, at the same time, offered good and sufficient security for his entering in such court, on the first day of the session, copies of the process against him, and also for his then appearing and entering special bail in the cause.

The State Court, however, refused to permit the cause to be removed; and after the petition was filed and the bond given, proceeded in the case, and finally gave judgment against the plaintiff in error for the sum of money mentioned in the record. Various proceedings, it appears, were afterwards had in the appellate courts of the State, in relation to this judgment, but the decision in these courts was also against the plaintiff in error; and the judgment rendered in the Superior Court of the City of New York, still remains there and is in full force, if that court had jurisdiction of the case after the application to remove it.

The case then, as it stands on the motion, is this: The plaintiff in error claimed the right to remove this cause from the State Court to the Circuit Court of the United States, under the 12th section of the Judiciary Act of 1789. The right claimed was denied by the State Court, which retained the case, and proceeded to give a final judgment against him.

It is therefore precisely one of the cases enumerated in the 25th section of the act of 1789, in which jurisdiction is conferred upon this court, and in which the judgment of the State Court may be reviewed upon writ of error. For the construction of an act of Congress was drawn in question, and the decision of the court was against the right claimed under it, by the plaintiff in error.

As to the authority of the Superior Court of the City of New York to retain the case, and the validity or invalidity of its proceedings and judgment, after the motion to remove; that question, according to the practice of the court, will stand for hearing when the case is reached in the regular call of the docket. But the motion to dismiss, for want of jurisdiction in this court, is overruled.

### Order.

On consideration of the motion, made on a prior day of the present term of this court, to dismiss this writ of error, and of the argument of counsel thereupon had, as well in support of as against the motion, it is now here ordered by the court that the said motion be, and the same is hereby, overruled.