# Hodgson *versus* Millward et al.

1. The fifth section of the act of Congress of March 3, 1863, providing for the removal from the State courts, into the United States Circuit Court, of proceedings instituted for acts committed or omitted, during the present rebellion, by virtue, or under color, of any authority derived from and exercised by or under the President of the United States, or any act of Congress, is not unconstitutional.

2. After verdict and before judgment in the State court the cause is still pending, and is removable by petition, the same as before verdict. After judgment it is removable by appeal or writ of error; and when removed it is to proceed in the Circuit Court in the same manner as if it had been brought therein by original process.

3. The burden is upon the petitioner to make out affirmatively that the case he seeks to remove is of the class described in the act. But if the matter complained of had the appearance of the authority of the President or any act of Congress, it brings the case within the act.

At Nisi Prius.

At a subsequent sitting of the court, *coram* Mr. Justice Strong, and before judgment had been entered on the verdict in the preceding case, defendants petitioned its removal into the Circuit Court of the United States for the Eastern District of Pennsylvania, under the provisions of the fifth section of the act of Congress of March 3, 1863, upon which, after argument, the following opinion was read and order made by

Strong, J.—This is a petition for the removal of a cause pending in this court into the Circuit Court of the United States for the Eastern District of Pennsylvania, under the provisions of the fifth section of the act of Congress of March 3, 1863. The case appears to have been an action of trespass,

[Hodgson *v.* Millward et al.]

brought against the United States Marshal for this district and two of his deputies. A declaration having been filed, and issues of fact having been joined, the case came on for trial in this court, before a jury, on the fifth day of February last, and a verdict was rendered for the plaintiff. Upon this verdict no judgment has as yet been entered, though a motion for a new trial was made and overruled. The suit is therefore pending in the strictest legal sense.

It is insisted in opposition to the prayer of the petitioners that the act of Congress does not provide for the removal of any suit into the Circuit Court at any time after verdict and before judgment. I am unable thus to read the act. Undoubtedly it is in some particulars anomalous, but its provisions are as comprehensive as any which language can express. It declares that if *any* suit or prosecution, civil or criminal, has been or shall be commenced in any State court, against any officer, civil or military, or against any other person, for any arrest, or imprisonment made, or other trespass, or wrongs done or committed, or any act omitted to be done, at any time during the present rebellion, by virtue or under color of any authority derived from and exercised by or under the President of the United States, or any act of Congress, and the defendant shall at the time of entering his appearance in such court, or if such appearance shall have been entered before the passage of this act, then at the next session of the court in which such suit or prosecution is pending, file a petition stating the facts and verified by affidavit, for the removal of the cause for trial at the next Circuit Court of the United States, &c., and offer good and sufficient surety, &c., it shall be the duty of the State court to accept the surety and proceed no further in the cause or prosecution, &c. The act then goes on to enact that it shall be lawful, in any State action or prosecution then pending, or thereafter commenced, before any State court whatever, after final judgment, for either party to remove the same by appeal into the Circuit Court, or to remove it by writ of error, and it directs the Circuit Court to try and determine the facts and the law in such action in the same manner as if the same had been there originally commenced, the judgment in such case notwithstanding.

Clearly the right to remove does not depend upon the extent of progress which the cause has made in the State court where the removal is attempted. To my mind, it is plain that Congress intended, at the instance of the defendant, to transfer from the State to the Circuit Court any suit or prosecution of the nature described at any stage of its progress. No matter in what condition it may have been when the act of Congress was passed, if commenced before, and an appearance had been en-

[Hodgson *v.* Millward et al.]

tered, a petition for its removal was authorized at the next session of the court, or if judgment had been obtained, an appeal was allowed during the term at which it was signed, or a writ of error within six months after its rendition.    Such is the letter of the act, as well as its clear spirit, and, like every other act, it must be construed so as to carry out its spirit.    One mode of removal was prescribed before judgment.    The other modes were pointed out for a removal after judgment.    But when removed, the cause is to proceed in the Circuit Court in the same manner as if it had been brought therein by original process.

And the act contemplates that, in the cases of which it speaks, the trial of both the law and the facts shall be conducted in the Circuit Court untrammelled by anything the State court may have done.    If the suit between the present parties, then, was pending when this petition was filed, as it unquestionably was, and if it belongs to the class of cases which Congress had in view, it is no sufficient reason for my refusing to allow the removal prayed for, and to stay proceedings here, that there has been a verdict of a jury, but no judgment.    Nor is it part of my duty to inquire how the Circuit Court is to proceed in the performance of the duties imposed upon it by the act of Congress.    Yet, if the facts and the law can be tried there after judgment in a State court, I do not see why they cannot be tried as well after verdict and before judgment.    An appeal from one court to another is certainly as effective before as it is after an adjudication.    But without invading the province of the Federal court, it is enough for me now to say, that in my opinion there is nothing in the state of the record of this court which prevents a removal of the case in its present condition, after verdict and before judgment.    The time and the mode of removal are provided for in the act of Congress.

It is next urged that the case sought to be removed does not belong to the class of cases for which provision was made by the act of March 3, 1863.    It is said no act of Congress authorized the seizure of property, or the trespass for which this suit was brought, and that there was no authority for it derived from or exercised under the President of the United States. The record of an attempted condemnation of the property seized has been submitted to me, from which it appears that, on information by the district attorney of the United States, in the Circuit Court, a writ of *attachment* was issued against the property seized ; that William H. Hodgson, the present plaintiff, put in a claim to answer, and that the Circuit Court, on the 14th of October, 1861, dismissed the information, allowed the claim, and ordered that the property be forthwith delivered to the claimant.    Hence, it is argued, it has been adjudicated that

[Hodgson v. Millward et al.]

the seizure was not under or by authority of an act of Congress. Again, it is insisted that the evidence given on trial before the jury in this court shows there was no authority for the seizure or trespass, from or under the President of the United States.

The inference drawn from the action of the Circuit Court dismissing the information is too large. I shall not go into the question whether the act of Congress of August 6th, 1861, was authority for the act for which these defendants are sued. It may be conceded now, that the property was erroneously seized. But the failure of an attempt to condemn it no more proves that the seizure was not made by virtue of the act, than does a failure of an information for the condemnation of goods seized as smuggled, prove that the seizure was not made by virtue of the revenue laws. I agree, however, that it is for the petitioners to make out affirmatively that the case they seek to remove. is of the class described in the act of 1863. The burden is on them. Was, then, the act done by them, for which they are sued, an act done by virtue of any authority derived from or exercised by or under the President of the United States, or any act of Congress, *or was it by or under color of such authority?* for if it was, then the case is within the letter and spirit of the act of March 3, 1863.

Whether the act was in reality authorized by act of Congress, or by the President, is not the whole question. Was it ostensibly so? Was there color of such authority? The defendants, who are the petitioners, were executive officers of the United States—a marshal and his deputies. The record in this case shows that they acted under an order or warrant from the district attorney, which requested them to seize the property for confiscation and condemnation, according to the provisions of the act of August 6th, 1861, and the warrant also asserted authority from the President of the United States. It was signed by the district attorney as such, and it was directed to William Millward, marshal. If this was not color of authority, both of an act of Congress, and the President's order, what would be? Color is an apparent or *prima facie* right. It may have no substance, but if there be an appearance of right or authority it is colorable. This authority, real or colorable, the defendants pleaded at the trial, and its efficacy is one of the main points in controversy.

I am not called upon to express any opinion upon the question, whether the act of the defendants was, in fact, authorized by the President of the United States. There is evidence in our records that it was; but it is sufficient that when the act of which the plaintiff complains was done, there was in the hands of the defendants an apparent authority from the President,

[Hodgson *v.* Millward et al.]

and that the seizure was made under the asserted warrant of an act of Congress, asserted by the district attorney, whose duty it was, under the act, to attend to the seizure and condemnation of the property which it was the intention of Congress should be confiscated. I am clearly of opinion that this case is one of those embraced in the provisions of the act of Congress of March 3, 1863.

Finally, it is contended that the act which provides for the removal of such cases is unconstitutional. Sitting as I am at Nisi Prius, I should be very unwilling to declare any act of Congress unconstitutional, except in a very clear case. It is enough for my present action that I do not perceive that this act is a clear violation of the Constitution. The third article of the Federal Constitution declares that the judicial power shall extend to all cases in law and equity arising under this Constitution, the laws of the United States and treaties. Then, if the cases provided for in the act of Congress of March 3d, 1863, are such as arise under the Constitution, or under the laws of the United States, or under treaties, jurisdiction over them may lawfully be conferred upon the Federal courts, as it was in another class of cases by the 12th section of the judiciary act of 1789.

What cases, then, arise under the laws of the United States within the meaning of this provision? Not those alone in which a plaintiff comes into court to demand something conferred upon him by law. When a defendant seeks protection under such a law, it is a case arising under it. This was the construction adopted in the infancy of the Constitution, of the 25th section of the judiciary act, and without it the main object of this clause would be defeated. That object doubtless was to preserve uniformity of construction alike of the Constitution, of treaties, and of the laws. See 2d Story on the Constitution, section 1648. See also section 1646.

In section 1647, the author uses this language: "Indeed, wherever, in a judicial proceeding, any questions arise touching the validity of a treaty or statute, or authority exercised under the United States, or touching the construction of any clause of the Constitution, or any statute or treaty of the United States, it has been invariably held to be a case to which the judicial power of the United States extends." 1 Wheaton, 304, *Martin* v. *Hunter;* 6 Wheaton, 264, *Cohen* v. *Virginia;* 9 Wheaton, 1, *Gibbons* v. *Ogden;* 9 Wheaton, 738, *Osborne* v. *Bank of United States.* It has also been recognized that cases may arise under the laws of the United States by implication, so that they come under the judicial power of the Federal government. It is not unusual for a legislative act to involve consequences not expressed. An officer, for example, is ordered to arrest an

[Hodgson *v.* Millward et al.]

individual. It is not necessary, nor is it usual, to say that he shall not be punished for obeying his order. His security is implied in the order itself.

It is no unusual thing for an act of Congress to imply, without expressing this very exemption from State control. The collectors of the revenue, the carriers of mail, the mint establishment, and all those institutions which are public in their nature, are examples in point. It has never been doubted that all who are employed in them are protected while in their line of duty, and yet this protection is not expressed in any act of Congress. It is incidental to, and is implied in the several acts by which these institutions are created, and is secured to the individuals employed in them by the judicial power about; that is, the judicial power is the instrument employed by the government in administering this security. (Story, sec. 1656.) The construction of an act of Congress, at all events, when a claim or a defence arises out of it, is undoubtedly within the province of the Federal judiciary; made so by the letter of the Constitution.

If, then, the judicial power of the Federal government, as conferred by the Constitution, extends to the adjudication of such cases, the right of Congress to provide for the removal of them from the State to the Federal courts is not to be doubted. It is a right which was exercised in the judiciary act of 1789, and it has been acted under ever since, without being called in question.

But I do not intend now to go into any lengthened argument. I have said enough to justify to myself my reception of this petition and the surety offered, as well as the order which I am called to make.

And now, to wit, April 27th, 1863, it is ordered that upon defendants giving bond, with two good and sufficient sureties (to be approved by the prothonotary of this court), in the sum of $1000, conditioned that they shall file in the Circuit Court of the United States for the Eastern District of Pennsylvania, on or before the first day of its next session, certified copies of the process and other proceedings against them in this court, and also for their duly appearing to the cause in the said Circuit Court, according to the act of Congress of March 3, 1863, the cause to be removed, and that all further proceedings in this court be stayed.