HORACE GALPIN *vs.* ALFRED P. CRITCHLOW.

An action cannot be removed from a state court into the Circuit Court of the United States, under the act of Congress of 1867, *c.* 196, after a trial on the merits, although such trial has resulted in a disagreement of the jury.

CONTRACT by a citizen of New York against a citizen of Massachusetts. After the filing of an answer and a trial on the merits, which resulted in a disagreement of the jury, the plaintiff filed a petition, affidavit and bond for the removal of the action into the Circuit Court of the United States, under the act of Congress of 1867, *c.* 196. The Superior Court ordered the action to be removed as prayed for. The defendant appealed to this court.

*C. Delano*, for the plaintiff.

*D. W. Bond*, for the defendant.

GRAY, C. J. We must assume it to be settled that the act of Congress of 1867, *c.* 196, (amending the act of 1866, *c.* 288,) is constitutional and binding; and that it is the duty of the Superior Court, and of this court upon exceptions or appeal, before relinquishing jurisdiction over any case, to be satisfied that a party filing a petition and affidavit for its removal into the Circuit Court of the United States under that act brings himself within its provisions. *Railway Co.* v. *Whitton*, 13 Wall. 270, and 25 Wis. 424. *Mahone* v. *Manchester & Lawrence Railroad Co.* 111 Mass. 72.

We have already decided that an action in which a trial has been had and a verdict rendered in the Superior Court, and ex

ceptions taken at the trial overruled by this court, and a motion made in the Superior Court in accordance with its rules for a new trial on the ground of excessive damages, cannot, before a hearing upon that motion, be removed into the Circuit Court of the United States under the act of 1867. *Bryant* v. *Rich,* 106 Mass. 180.* The question now presented is, whether this right of removal can be exercised after one trial on the merits has been had in the state court, resulting in a disagreement of the jury.

In ascertaining the true interpretation of the words " before the final hearing or trial " in this act, we may properly refer to the earlier acts of Congress upon the subject of removing cases from the state courts into the circuit courts of the United States, as constituting parts of one judicial system.

When the right of removal is claimed by a defendant, under the first judiciary act of the United States, upon the mere ground that he is an alien or a citizen of another state from that in which the suit is brought, it can be exercised only " at the time of entering his appearance," and not afterwards, even with the consent of the state court. U. S. St. 1789, *c.* 20, § 12 ; 1 U. S. Sts. at Large, 79. *Gibson.* v. *Johnson,* Pet. C. C. 44.

Two acts, passed by Congress during the last war with Great Britain, " to prohibit intercourse with the enemy, and for other purposes," and " further to provide for the collection of duties upon imports and tonnage," enacted that any collector of the customs, or other officer, civil or military, or other person aiding or assisting under the provisions of either act, when sued in a state court for anything done by virtue or under color thereof, might, either " at the time of entering his appearance in such court," or after final judgment therein, have the action removed into the Circuit Court of the United States for trial. But the first of these acts expired with the war ; the provision of the second act, for such removal after final judgment, was held by this court to be unconstitutional and void ; and an act of Congress passed soon after the war, for continuing that act in force after it would otherwise have expired, limited the defendant's right of removal to " the time of entering his appearance in such state

---

* *S. C. nom. Vannevar* v. *Bryant,* 21 Wall. 41.

court." U. S. Sts. 1815, c. 31, §§ 8, 13; c. 94, §§ 6, 8; 1816, c. 110, § 3; 1817, c. 109, 3 U. S. Sts. at Large, 198, 200, 233, 235, 315, 396. *Wetherbee* v. *Johnson*, 14 Mass. 412.

The right of removing an action pending in a state court between citizens of the same state, claiming lands under grants of different states, must be exercised by either party " before the trial." U. S. St. 1789, c. 20, § 12; 1 U. S. Sts. at Large, 80. And a suit brought in a state court against an officer of the United States or other person for or on account of any act done or right claimed under or by color of the revenue laws of the United States, can only be removed by the defendant " at any time before trial." U. S. St. 1833, c. 57, § 3; 4 U. S. Sts. at Large, 633. U. S. St. 1866, c. 184, § 67; 14 U. S. Sts. at Large, 171. We should have no doubt that those statutes must receive the like construction as that given by this court to the statutes of this Commonwealth, authorizing certain actions to be removed from the Court of Common Pleas or Superior Court to this court by consent of parties " before the trial commences; " and that they would not authorize a removal after the beginning of a trial on the merits, although that trial resulted in a disagreement of the jury, or in a verdict which was afterwards set aside by the court. *Smith* v. *Castles*, 1 Gray, 108. Gen. Sts. c. 114, § 7.

The act of Congress of 1863, c. 81, § 5, provided that if any suit or prosecution had been or should be commenced in any state court against any officer, civil or military, or any other person, for any wrong done or act omitted, at any time during the then existing rebellion, by virtue or under color of the authority of the President of the United States, or any act of Congress, " and the defendant shall, at the time of entering his appearance in such court, or if such appearance shall have been entered before the passage of this act, then at the next session of the court in which such suit or prosecution is pending, file a petition, stating the facts and verified by affidavit, for the removal of the cause for trial at the next Circuit Court of the United States," and offer sufficient surety for filing copies of the proceedings, and for his appearance in that court, it should be so re-

moved. 12 U. S. Sts. at Large, 756. That provision, it is to be observed, authorized future suits to be so removed only upon petition filed at the time of entering the defendant's appearance in the state court. It was held to authorize suits already commenced to be removed after verdict and before judgment in the state court, because such actions were still "pending," within the words and meaning of the provision. *Hodgson* v. *Millward*, 3 Grant, 412, 418. At the close of the rebellion, it was provided by the act of Congress of 1866, *c.* 80, § 3, that the right of so removing such causes should be exercised "before a jury is empanelled to try the same." 14 U. S. Sts. at Large, 46. And the further provision contained in the act of 1863, *c.* 81, § 5, and saved in the act of 1866, *c.* 80, § 3, for removing such cases for trial into the federal court after judgment in the state court, was adjudged by the Supreme Court of the United States to be unconstitutional. *Justices* v. *Murray*, 9 Wallace, 274. *McKee* v. *Rains*, 10 Wallace, 22.

This review of the previous legislation upon the subject shows that at the time of the passage of the act of Congress of 1866, *c.* 288, there was no authority for removing from a state court to a federal court before judgment any case whatever in which a trial on the merits had been commenced.

The act of 1866, *c.* 288, provides that if any suit in a state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, in which the matter in dispute exceeds $500, exclusive of costs, is, so far as relates to such a defendant, instituted or prosecuted for the purpose of restraining or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as it concerns him, without the presence of the other defendants as parties in the cause, such defendant may "at any time before the trial or final hearing of the cause," file a petition for the removal thereof "as against him" into the Circuit Court of the United States, and offer sufficient surety for entering copies of the papers in that court, "and it shall be thereupon the duty of the state court to accept the surety and proceed no further in the cause as against the defendant so applying for its removal;

and the copies being entered in such court of the United States, the cause shall there proceed in the same manner as if brought there by original process against such · defendant; and such removal shall not be deemed to prejudice the right of the plaintiff to proceed with the suit in ·the state court against the other defendants. 14 U. S. Sts. at Large, 306.

The objects of that act appear to have been to enlarge the right of removal, which a defendant had under the act of 1789 because of alienage or citizenship of another state, in two respects: 1st. That if either the suit is brought for the purpose of restraining or enjoining him, or the controversy can be finally determined so far as concerns him without the presence of the other defendants as parties, he may, when the cause of action is divisible, remove the case, so far as he is concerned, leaving the plaintiff at liberty to proceed with it in the state court against the other defendants; whereas, under the act of 1789, all the defendants against whom relief is sought must be capable of joining and actually join in the petition for removal. *Bryant* v. *Rich*, 106 Mass, 180, 192, and cases cited. *Florence Sewing Machine Co.* v. *Grover & Baker Sewing Machine Co.* 110 Mass. 70.* *Sands* v. *Smith*, 1 Dillon, 290; *S. C.* 1 Abbott U. S. 368. 2d. That the right to file a petition for removal in such a case should not be limited to the time of entering an appearance, but may be exercised " at any time before the trial or final hearing." The act, as particularly appears by its speaking of " restraining or enjoining " a defendant, has regard to suits in equity as well as at law. " Trial " appropriately designates a trial by the jury of an issue which will determine the facts in an action at law; and " final hearing," in contradistinction to hearings upon interlocutory matters, the hearing of the cause upon its merits by a judge sitting in equity. The whole effect of the change in the statute in this respect seems to us to have been to allow the defendant the same time to elect whether he will remove the case into the federal court, as he has to prepare for a trial at law, or hearing upon the merits in equity, in the state court, and as is

---

* *S. C. nom. Case of the Sewing Machine Companies,* 18 Wall. 553.

allowed for the removal of a case between citizens of the same state claiming lands under grants of different states, by the act of 1789, *c.* 20, § 12, or a suit for an act done under the revenue laws of the United States, by the acts of 1833, *c.* 57, § 3, and 1866, *c.* 184, § 67, or under the authority of the President or Congress, by the act of 1866, *c.* 80, § 3 ; but not to allow him, after the experiment of entering upon one such trial or hearing in the court in which the suit is commenced, to transfer the case to another jurisdiction.

The act of 1867, *c.* 196, is entitled an act to amend the act of 1866, *c.* 288, and provides that that act shall be amended as follows : " That where a suit is now pending, or may hereafter be brought in any state court, in which there is controversy between a citizen of the state in which the suit is brought and a citizen of another state, and the matter in dispute exceeds the sum of five hundred dollars, exclusive of costs, such citizen of another state, whether he be plaintiff or defendant, if he will make and file in such state court an affidavit stating that he has reason to and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court, may, at any time before the final hearing or trial of the suit, file a petition in such state court for the removal of the suit into the next Circuit Court of the United States," and offer such surety as is required " by the act to which this act is amendatory ; " " and it shall be thereupon the duty of the state court to accept the surety and proceed no further in the suit ; " and the said copies being entered in the federal court, " the suit shall there proceed in the same manner as if it had been brought there by original process." 14 U. S. Sts. at Large, 558.

This act again differs from the corresponding provision of the act of 1789, *c.* 20, as well as from the act of 1866, *c.* 288, in two particulars : 1st. The petition for removal may be filed by either party, the plaintiff as well as the defendant, who is a citizen of another state. 2d. It must be supported by his affidavit that he has reason to believe and does believe that from prejudice or local influence he will not be able to obtain justice in the state court. But the right, by whichever party claimed, **must be**

asserted " at any time before the final hearing or trial of the
suit." These are the very words of the act of 1866, *c.* 288 ; and
we cannot believe that Congress, by transposing them, intended
that a right of removal, depending upon a mere affidavit of the
party to a condition of things which litigants are too often prone
to suspect, and conferred by this statute upon a plaintiff who has
voluntarily resorted to the state court, as well as a defendant
who has been compelled to appear therein to protect his rights,
should be exercised after once submitting the case to be decided
in the state court upon its merits, and at a later stage than any
other suit is authorized to be removed from the state to the
federal courts, except by writ of error after judgment.

It follows, that when the plaintiff went to trial upon the
merits of this action in the Superior Court, his right to remove
the case into the Circuit Court of the United States ceased,
and was not revived by a failure of the jury to agree, nor
would have been if a verdict had been returned by them and
set aside by the court.

This conclusion is supported by well reasoned judgments in
full bench of all the highest state courts which, so far as ap-
pears by the published reports, have had occasion to consider
the question. *Akerly* v. *Vilas*, 24 Wis. 165. *Home Life In-
surance Co.* v. *Dunn*, 20 Ohio St. 175. *Adams Express Co.*
v. *Trego*, 35 Maryland, 47. The decision of Mr. Justice Mil-
ler of the Supreme Court of the United States, in *Johnson* v.
*Monell*, Woolworth, 390, retaining jurisdiction of an action at
law so removed after one verdict had been returned and set
aside in the state court, would be entitled to great weight if
this point appeared to have been there argued and considered ;
but it would seem from the report that it was rather assumed,
and that the attention of that able and learned judge was chiefly
if not wholly, directed to other questions. The only decisions,
known to us, which have distinctly affirmed a different construc-
tion of the act of Congress from that which we feel obliged to
adopt, are of district judges sitting alone, and founded on a
merely literal construction of the act of 1867, without any con-
sideration of the earlier acts on the same subject. *Akerly* v.

*Vilas*, 8 Am. Law Reg. (N. S.) 229; *S. C.* 1 Abbott U. S. 284. *Dart* v. *McKinney*, 9 Blatchf. C. C. 359.

The preponderance of authority, therefore, as well as of reason, appears to us to be against the right of the plaintiff to remove this case into the Circuit Court of the United States. As our decision is against a right claimed under the Constitution and laws of the United States, he may seek relief, if he shall be so advised, by writ of error from the Supreme Court of the United States, whose judgment upon such a question must control the action of all other courts, state or national. U. S. St. 1789, *c.* 20, § 25; 1 U. S. Sts. at Large, 85. *Kanouse* v. *Martin*, 14 How. 23, and 15 How. 198. *Petition for removal denied.**

* See *Insurance Co.* v. *Dunn*, 19 Wall. 214; U. S. Rev. Sts. § 639.