## Case No. 7,662.

KELLOGG v. HUGHES et al.

[3 Dill. 357.] [1]

Circuit Court. D. Nebraska. 1874.

REMOVAL OF CAUSES FROM STATE TO FEDERAL COURT—ACT OF MARCH 2, 1867—WHEN APPLICATION MUST BE MADE.

Under the act of congress of March 2, 1867 (14 Stat. 558), an action may be removed from

[1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the state court of original jurisdiction, in which it is then pending, to the circuit court of the United States, after a judgment in favor of one of the parties has been wholly reversed by the state supreme court, and a trial de novo ordered, if the removal is applied for before the second trial is commenced. Following Johnson v. Monell [Case No. 7,399].

[Cited in McCallon v. Waterman, Case No. 8,675.]

[Cited in Boggs v. Willard, 70 Ill. 315; Sharp v. Gutcher, 74 Ind. 363.]

In 1872 the plaintiff [S. J. Kellogg] commenced this suit in the state district court for the county of Otoe. The action was at law, to recover damages for the breach of a contract. An answer was filed, and at the March term, 1872, a trial was had, and verdict rendered for the plaintiff and judgment entered thereon. The defendants [John Hughes and Charles B. Bickle] prosecute a petition in error to the supreme court of the state; which, at the January term, 1874, reversed the judgment in favor of the plaintiff, and issued its mandate to the district court of Otoe county "to proceed, without delay, to a trial de novo of the said action." Upon the filing of this mandate, and before the trial had been commenced, the plaintiff, under the act of congress of March 2, 1867 (14 Stat. 558), applied, in due form, for the removal of the cause into this court, and its removal was ordered. And now in this court the defendants file a motion to remand the cause to the state court, on the sole ground that the removal was not applied for in time.

Calhoun & Croxton, for the motion.

Stevenson & Hayward and Mr. Lehmann, contra.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. By the statute the application for the removal may be made to the state court "at any time before the final hearing or trial of the suit." We are aware of the diversity of opinion between the state courts on the one hand, (Gilpin v. Critchlow [112 Mass. 339], and the cases cited by Mr. Chief Justice Gray), and the federal courts on the other (Akerly v. Vilas [Case No. 119]; Same Case [Id. 120]; Dart v. McKinney [Id. 3,583]; Johnson v. Monell [Id. 7,399]), as to what is to be considered a "final hearing or trial," within the meaning of the act of congress. In Stevenson v. Williams the supreme court of the United States (19 Wall. [86 U. S.] 572) decided that the application for the removal must be made before "final judgment in the court of original jurisdiction," and that it was too late to make it after the cause had reached the state appellate court. As after the removal, the cause is "to proceed in the federal court in the same manner as if brought there by original process," clearly the cause can not be removed after judgment, and while that judgment is in force. But, in this case, the judgment of the state court in favor of the

plaintiff, had been entirely reversed by the supreme court on error, and the court of original jurisdiction had become repossessed of the suit, with directions to proceed to a trial de novo. There is no existing judgment in the case, and it is, in all respects, in the same posture as before the first trial was had. That trial was adjudged a mis-trial, and in law there has been no trial of the rights of the parties. Their rights are yet to be adjudicated, and there was. to use the language of Mr. Justice Field, in Stevenson v. Williams, supra, no "final judgment" in the state court when the application for the removal was made. We are inclined to think, if the question were res nova in this circuit, that the application was in time; but it is not necessary to enter upon an examination of the subject, since the case of Johnson v. Monell. supra, is decisive, and in this court has the force of an authoritative adjudication. Following its doctrine, the motion to remand must be denied. Motion denied.