## ROBERT LUECK vs. ST. PAUL & DULUTH RAILROAD CO.

Submitted on briefs April 9, 1894. Affirmed April 14, 1894.

No. 8711.

**Change of venue in justice's courts.**

The provision that no justice is required to transfer a civil action "until all his costs are paid," 1878 G. S. ch. 65, § 20, is inapplicable to a change of venue from one municipal court to another. Laws 1893, ch. 51, where the judge of such court is a salaried officer, and has no personal interest in the costs of the suit.

**"Before trial commenced" defined.**

An action being at issue and called for trial, a jury was demanded and granted, and the cause continued to a future day, at which the venire for the jury was returnable. *Held*, that an application for a change of venue on the latter day was not made "before the trial commenced," within the meaning of the statute.

Appeal by defendant, the St. Paul and Duluth Railroad Company from a judgment of the Municipal Court of the Village of West Duluth, *T. C. Himebaugh*, J., entered March 11, 1893, against it for $333.74.

Twelve laborers worked for defendant during the season of navigation in 1892, in handling merchandise on its dock and in its flourshed in Duluth. They claimed that it was orally agreed in the spring of that year between defendant and each of them that he should be paid $1.75 per day and in case he remained in its service until navigation closed the further sum of twenty cents per day for each day of his service. The defendant paid the wages at $1.75 per day and denied that it agreed to pay more. The laborers assigned their claims to the plaintiff, Robert Lueck, and he brought this action to recover the additional twenty cents per day. Issue was joined December 16, 1892. At the first trial on December 23, 1892, the jury disagreed and were discharged. The case was set for another trial on February 16, 1893, and a venire issued and a jury summoned. But the trial was again postponed to February 20, when for the first time defendant moved for a change of venue. The motion was denied, the cause tried and a verdict rendered for plaintiff for $257.55. Judgment was entered thereon and defendant appeals.

*Bunn & Hadley* and *J. D. Armstrong,* for appellant.
*John Jenswold, Jr.,* for respondent.

MITCHELL, J. Laws 1893, ch. 51, provides that where, in any county, there are two or more municipal courts, the defendant in a civil action may have a change of venue from one to another, under the same circumstances and upon the same conditions as are now provided for changing the venue in justice's courts.

The statute regulating changes of venue in justice's court, 1878 G. S. ch. 65, § 20, provides that the application must be made "before the trial commences;" also that no justice is required to transfer a civil action "until all his costs in the same are paid." We agree with defendant that this last provision is inapplicable to changes of venue from one municipal court to another in Duluth.

A justice of the peace is not a salaried officer, his compensation being his costs in the suit. This provision was designed to secure him this compensation, and applies only to the personal fees of the justice. A municipal judge in Duluth is a salaried officer, and he has no interest in the costs of the suit. There are no costs which belong to him.

But the application for a change of venue was properly denied, because not seasonably made. Except by recital in the judgment (which would be insufficient), it does not appear from the original return when, if ever, the application was presented to the judge, or, if presented, how disposed of. But in the amended return it appears that the case came on for trial December 23d; that a trial was had with a jury, which resulted in their disagreement and discharge; that, on February 14th following, the case was set for trial on February 16th, and a jury summoned, which was for some reason, not stated, discharged without any trial being had, and the case continued until February 20th, a jury of twelve being asked for and granted; that, pursuant to adjournment, the case was called February 20th, when for the first time the motion for a change of venue was made.

In view of the general rule, independent of statute, founded on considerations of public policy, that motions for change of venue should be made at the earliest practicable moment, a strong argument could be made in favor of the position that the phrase, "be-

fore the trial commences," should be construed as meaning "before any trial has been commenced," and that such an application comes too late after a trial, although it may have resulted in a disagreement of the jury, or in a verdict which was afterwards set aside. See *Smith* v. *Castles*, 1 Gray, 108. Such seems to have been the construction placed in many of the best-considered cases upon the Federal removal acts, which required the right of removal to be exercised "before trial or final hearing." *Galpin* v. *Critchlaw*, 112 Mass. 339; *Home Life Ins. Co.* v. *Dunn*, 20 Ohio St. 175; *Chandler* v. *Coe*, 56 N. H. 184. The argument used in those cases generally is that the statute could not have contemplated that a party, after experimenting with a trial on the merits before one court, should be allowed to transfer it to another. But it is not necessary, for the purposes of this case, to go so far as this. Leaving out of view all that preceded, it appears from the record that on February 16th, when the case was called for trial, a jury was demanded and granted, and the cause continued until February 20th, at which date, we assume, the venire for the jury was returnable; and it was not until after the case had been called for trial on the latter day, and presumably after the jurors had been summoned and had appeared in court, that the application for a change of venue was made. We are of opinion that upon this state of facts the application was not made before the trial commenced, within the meaning of the statute, although the jurors may not have been as yet sworn, or any evidence introduced.

We think that, for the purposes of such a motion, the trial must be deemed to have been commenced at least on February 16th, when a jury was demanded and granted, and a venire therefor presumably issued. The unreasonableness of allowing such an application after this is all the more apparent from the fact that, for anything that appears, the demand for a jury may have been made by the defendant itself.

Judgment affirmed.

(Opinion published 58 N. W. 821.)