## INSURANCE COMPANY v. PECHNER.

1. A person not a citizen of the State, in a court whereof he is sued, cannot, under the twelfth section of the Judiciary Act of 1789, remove the suit to the Circuit Court of the United States, by reason of the citizenship of the parties, unless his petition for removal affirmatively shows that the plaintiff was, at the time of the commencement of the suit, a citizen of such State.

2. The right of removal is statutory; and, before a party can avail himself of it to oust the jurisdiction of a State court, he must show upon the record that his case is one which comes within the provisions of the statute.

ERROR to the Court of Appeals of the State of New York. On the 1st of June, 1867, Pechner sued the Phœnix Insurance Company, a Connecticut corporation, in the Supreme Court of Chemung County, in the State of New York, upon a policy of insurance. On the 8th of the following month, and at the time of entering its appearance, the company presented to the court a petition, accompanied by the necessary security, for the removal of the cause to the Circuit Court of the United States. The petition, when taken in connection with the pleadings, set forth sufficiently the citizenship of the defendant in the State of Connecticut; but as to the citizenship of the plaintiff, the statement was, that, "as your petitioner is informed and believes, Isidor Pechner, the plaintiff in said action, is a citizen of the State of New York." The petition bears date June 11, 1867, and was sworn to the next day. Upon its presentation the court approved the security, but denied the application for removal.

On the 5th of June, 1869, the plaintiff filed an amended complaint, to which the defendant answered June 21, 1869. On the 2d of February, 1872, the cause coming on for trial, the defendant again presented its original petition for removal, which remained upon the files, and requested the court to proceed no further with the trial; but this request was denied, for the reason that the petition did not state facts sufficient to remove the cause. A jury was thereupon called, which returned a verdict in favor of the plaintiff, and judgment was in due form entered thereon against the defendant. The case was then taken to the Court of Appeals, where the judgment was affirmed, and the petition for removal held to be insufficient in law to effect a transfer of the cause, for the reason that it did not state affirmatively that Pechner was a citizen of the State of New York when the suit was commenced.

To reverse this judgment the present writ of error has been brought by the company, and the only error assigned is grounded upon this decision.

*Mr. W. F. Cogswell* for the plaintiff in error.

The plaintiff in error having taken the necessary steps to remove the action from the State to the Federal court, and the former having refused its application in that behalf, the judgment subsequently rendered is reviewable in this court, notwithstanding a defence of the action on the merits. *Gordon* v. *Longest*, 16 Pet. 97; *Kanouse* v. *Martin*, 15 How. 198.

The compliance with the conditions of the act of Congress ousted the Supreme Court of New York of its jurisdiction, and all further proceedings therein were void. 1 Stat. 79, sect. 12; *Stevens* v. *Phœnix Insurance Co.*, 41 N. Y. 149; *Gordon* v. *Longest, supra; Kanouse* v. *Martin, supra.*

Nor can the decision below be sustained by the verbal criticism of the Court of Appeals. *Ladd* v. *Tudor*, 3 Woodb. & M. 325; *People* v. *City of Chicago*, 34 Ill. 356; *Sweeney* v. *Coffin*, 1 Dill. 73; *Shepard* v. *Graves*, 14 How. 505.

The petition following the language of the act of Congress is sufficient, and this is shown especially by the uniform practice in the Federal courts under the next preceding section of the same statute. *Bingham* v. *Cabot et al.*, 3 Dall. 382; *Aber-*

*crombie* v. *Dupuis*, 1 Cranch, 342; *Piquignot* v. *Pennsylvania Railroad Co.*, 16 How. 104.

Although, in nearly all the States of the Union, for many years the only method by which a suit could be commenced was by some process the service and return of which preceded the filing of the declaration, the language of the declaration has been uniformly in the present tense. *Mollan* v. *Torrence*, 9 Wheat. 537; *Marshall* v. *Baltimore & Ohio Railroad Co.*, 16 How. 314; *Lafayette Insurance Co.* v. *French et al.*, 18 id. 404.

Mr. *J. Hubley Ashton*, and Mr. *Nathaniel Wilson*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The application for removal in this case was made under sect. 12 of the Judiciary Act of 1789. 1 Stat. 79. That section, so far as it is important for the determination of this case, reads as follows: —

"If a suit be commenced in any State court . . . by a citizen of the State in which the suit is brought against a citizen of another State, . . . and the defendant shall, at the time of entering his appearance in such State court, file a petition for the removal of the cause for trial into the next Circuit Court, . . . it shall then be the duty of the State court to . . . proceed no further in the cause."

Clearly this has reference to the citizenship of the parties when the suit is begun; for the language is, "If a suit be *commenced* by a citizen of the State in which the suit is brought against a citizen of another State, the defendant may, *when he enters his appearance*, petition for its removal." The phraseology employed in the acts of 1866, 14 Stat. 307, 1867, id. 558, and 1875, 18 id. 470, and in the Revised Statutes, sect. 639, is somewhat different, and we are not now called upon to give a construction to the language there used. As to the act of 1789, we entertain no doubt in this particular.

This right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the

cause.   It should state facts, which, taken in connection with such as already appear, entitle him to the transfer.   If he fails in this, he has not, in law, shown to the court that it cannot " proceed further with the cause."   Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended.

It remains only to apply this rule to the facts as they appear in this record.   The suit was commenced June 1, 1867.   At that time there was nothing in the pleadings or process to indicate the citizenship of the plaintiff.   The defendant, in its petition for removal, bearing date June 11, simply stated that the plaintiff is — that is to say, was at that date — a citizen of New York.   This certainly is not stating affirmatively that such was his citizenship when the suit was commenced.   The court had the right to take the case as made by the party himself, and not inquire further.   If that was not sufficient to oust the jurisdiction, there was no reason why the court might not proceed with the cause.   We think, therefore, that the Court of Appeals did not err in its decision.

*Judgment affirmed.*