## YULEE v. VOSE.

A., a citizen of Florida, with other persons, some of whom were citizens of New York, was sued by a citizen of the latter State, in a court thereof. The plaintiff, in his petition, alleged that the defendants held all the franchises and property of a certain railroad company, and prayed that they be required to hold the income of the railroad in trust for the payment of a judgment theretofore rendered in his favor in that court against the company, and that they be directed to pay him the amount thereof, and for other relief. He averred that A. was indorser on part of the notes on which the judgment had been rendered. · There was a judgment in favor of all the defendants, which the Court of Appeals affirmed, except as to A. The cause was remanded for a new trial as to him, solely on account of his alleged liability as such indorser. After the *remittitur* went down to the court of original jurisdiction, and before such new trial, A. filed his petition in due form, accompanied by the necessary bond for the removal of the suit as against him to the proper Circuit Court of the United States, under the act of July 27, 1866, 14 Stat. 306. *Held*, that the matter in dispute being sufficient, A. was entitled to a removal of the suit.

ERROR to the Court of Appeals of the State of New York.

This was a suit commenced Feb. 16, 1868, in the Supreme Court of New York, by Francis Vose against the Florida Railroad Company, David L. Yulee, Edward N. Dickerson, Marshall O. Roberts, and Isaac K. Roberts. The prayer of the complaint was that Edward N. Dickerson, Marshall O. Roberts, and all other associates of Edward N. Dickerson, who, when discovered, should be made parties, might be required to pay a judgment which had been rendered in favor of Vose against the Florida Railroad Company in the Supreme Court of New York, on which there was due $136,534.63, and interest from Feb. 1, 1867; that Dickerson, Yulee, Marshall O. and Isaac K. Roberts, and their associates, who it was alleged held all the franchises

and property of the company, might be required to hold the income of the railroad, in trust for the payment of the amount of the judgment; that certain securities alleged to be in the hands of Yulee might be also subjected to the payment of the debt; and for other relief. It further appeared from the averments in the complaint that Yulee was liable as indorser on part of the notes on which the judgment was rendered; and this allegation was not denied in his answer, but no judgment was specifically asked against him on that account.

On the trial of the cause, the complaint was dismissed as to all the defendants. This judgment was affirmed in all respects by the Supreme Court in general term; but in the Court of Appeals it was reversed as to Yulee, and the cause remanded for a new trial as to him, on account of his liability as indorser of the notes. As to all the other defendants and all other relief asked there was an affirmance.

On the 5th of June, 1873, after the mandate went down from the Court of Appeals, Yulee filed in the trial court his petition, accompanied by the necessary bond, for the removal of the suit as against him to the Circuit Court of the United States for the Southern District of New York, under the act of July 27, 1866, 14 Stat. 306. That statute provides that if in any suit already commenced, or which might thereafter be commenced, in any State court against an alien, or by a citizen of the State in which the suit is brought against a citizen of another State, a citizen of the State in which the suit is brought is or shall be a defendant; and if the suit, so far as it relates to the alien defendant, or to the defendant who is the citizen of a State other than that in which the suit is brought, is one in which there can be a final determination of the controversy so far as it concerns him, without the presence of the other defendants as parties, "then and in every such case the alien defendant, or the defendant who is a citizen of a State other than that in which the suit is brought, may, at any time before the trial or final hearing of the cause, file a petition for removal of the cause as against him into the next Circuit Court of the United States to be held in the district where the suit is pending, . . . and it shall thereupon be the duty of the State court . . . to proceed no further in the cause as against the defendant

so applying for its removal." The petition for removal set forth, in sufficient form and with sufficient particularity, the citizenship of Vose in New York, and of Yulee in Florida, both then and at the time of the commencement of the suit; but it made no mention of the citizenship of the other defendants. In all other respects the petition met fully the requirements of the statute. The accompanying bond was also correct in form, and no objection was made to its sufficiency. Notice of an intention to make the application for the removal was served on the attorneys of Vose on the 17th of April, 1873. Accompanying the petition was an affidavit of Dickerson, under date of June 4, 1873, to the effect that he, Dickerson, and the defendants Roberts *were* citizens of the State of New York.

The cause came on for trial June 9, 1873, and a jury was sworn, when the counsel for Yulee called the attention of the court to the proceedings which had been taken for the removal, and moved to dismiss the complaint for want of jurisdiction. This motion was overruled, and the trial proceeded, resulting in a verdict, by order of the court, against Yulee for $168,589.30, on which judgment was rendered. Exception to the ruling of the court on the question of removal was duly taken. Upon this state of the record, the case was taken by proper proceedings to the Court of Appeals, where the judgment was affirmed, on the ground that the suit was not removable under the act of 1866 when the petition for removal was filed, because the defendant Yulee was then the only defendant. This ruling of the Court of Appeals is now assigned for error.

*Mr. Edward N. Dickerson* and *Mr. William M. Merrick* for the plaintiff in error.

All the essential facts which entitled Yulee to a removal being presented by the petition, and the requisite bond filed, there was no jurisdiction in the State court to try and determine the suit. That jurisdiction was absolutely ousted by the petition, and any further action there was *coram non judice.* The petition is *ipso facto* a removal of that cause. Any dispute as to the truth of its averments must be tried not in the State court, but in the Circuit Court of the United States, on a motion to remand the cause or otherwise, as that court may direct. If this were not the law, the right of removal might

be defeated by the State court, upon its alleged disbelief of the facts proved by the petitioner, or its misconstruction of the statute.     *Bell* v. *Dix*, 49 N. Y. 236.     See also *Fisk* v. *Union Pacific Railroad Co.*, 6 Blatchf. 362; s. c. 8 id. 243; *Hatch* v. *Chicago, Rock Island, & Pacific Railroad Co.*, 6 id. 105; *Dennistoun* v. *Draper*, 5 id. 336; *Insurance Company* v. *Pechner*, 95 U. S. 183; *Gold Washing and Mining Company* v. *Keyes*, 96 id. 202; *Railway Company* v. *Ramsey*, 22 Wall. 326.

By the terms of the act of July 27, 1866, the right of removal attached to the plaintiff in error at the commencement of the suit, and ran throughout its existence. It was, therefore, not within the power of that court, by its judgment, to make a several case against him, so as to deprive him of a right which exists only where the case assumes a form in which it is capable of a final determination, " so far as it concerns him, without the presence of the other defendants as parties to the cause." It appears, therefore, to be within the very spirit, if not the letter, of the statute for a defendant to wait until, by the judgment of the court or by the alterations of the record, a case is presented which dispenses with the presence of the other defendants. In that light the act of severance performed by the judgment of the court below should have been regarded as removing the only impediment to a change of tribunals, instead of being erected into a bar to such change.

Where the right of removal once attaches, a subsequent event, or an amendment of the pleadings, or a change of the parties cannot divest it. *Clark* v. *Mathewson*, 12 Pet. 164; *Morgon* v. *Morgon*, 2 Wheat. 290; *Kanouse* v. *Martin*, 15 How. 198.

*Mr. Philip Phillips* for the defendant in error.

It is claimed by the plaintiff in error that if the petition for removal, on its face, be in accordance with the statutory requirement, it is a complete bar to all further proceedings in the State court, and that whether the facts stated in the petition are true or not in the record or *dehors* the record cannot be determined by that court.

Under the twelfth section of the Judiciary Act of 1789 it must appear to the satisfaction of the State court that the defendant is an alien, or a citizen of some other State than that in which

the suit is brought, and that the matter in controversy exclusive of costs exceeds the sum of $500. *Gordon* v. *Longest*, 16 Pet. 97. It must also determine the sufficiency of the bond.

The act of July 27, 1866, differs only from that of 1789 in providing for the case where there are several defendants of different States.

In view of that decision, it necessarily follows that, under the act of 1866, it must appear to the satisfaction of the court that the petitioner is one of several defendants, and within the description of the act.

The principle contended for by the plaintiff in error is, that the statement in his petition that he is one of several defendants and that his cause can be determined without the presence of the others binds the State court, although the record of the case in which the petition is filed shows that he is the sole defendant.

In *Sewing-Machine Companies* (18 Wall. 553), the State court refused the application, under the act of March 2, 1867 (14 Stat. 558), made by two of the non-resident defendants, there being another defendant who was a citizen of the same State as the plaintiff. The form of the application was in all things regular; but that court held that the parties were not legally entitled, and on writ of error this court affirmed the judgment. The same question was again made in the Superior Court of Massachusetts; the same ruling was there made, and the judgment was affirmed in *Vannevar* v. *Bryant*, 21 Wall. 41.

It is therefore well established that the State court had authority to determine whether, in the case as made by Yulee, he was entitled to the removal of the cause.

The suit in its original constitution being incapable of removal, the plaintiff in error made no attempt to remove it until the question of the joint liability of all the defendants had been eliminated from it by the court of final appeal as to all the defendants except him, against whom only the judgment of the subordinate court was reversed, and a new trial ordered. Thus the suit had utterly ceased to exist as to all the other defendants. Nothing remained of it except an action in favor of Vose against Yulee on a special averment in the complaint of a particular liability against him, distinct

from the equitable liability charged against them all jointly. The judgment of the tribunal of last resort put the other defendants out of court, or determined that the suit as to them no longer existed.

The act of 1866 provides only for a case where there are other defendants of the same State with the plaintiff. Yulee's case was not, therefore, within its provisions, and the court of original jurisdiction rightfully proceeded with the trial.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

When this suit was commenced in the State court, Vose, the sole plaintiff below, was a citizen of New York, and Yulee a citizen of Florida. If there had been no other defendant but Yulee, he could then have removed the cause to the Circuit Court, under sect. 12 of the Judiciary Act of 1789 (1 Stat. 79), on filing his petition to that effect, and giving the necessary security at the time of entering his appearance. His joinder with other defendants, however, prevented this at that time ; and as the suit then stood, it was impossible for him to proceed under the act of 1866, because, although his liability as indorser, in which his co-defendants had no interest, was shown, he was united with them in respect to other matters where there could be no final determination of the controversy, so far as it concerned him, without their presence. When the Court of Appeals decided that there could be no relief in the action, except so far as it related to the liability of Yulee as indorser of the notes, the other parts of the case were disposed of, and that which related to Yulee alone left for final determination. This action of the Court of Appeals separated the controversy in which Yulee was alone concerned as defendant from the rest of the case, and put him for the first time in a condition to invoke the aid of the act of 1866. It is true he was then the sole remaining defendant, but it was in a suit which had been commenced against him and others, and which was still pending undisposed of as to him. Under these circumstances, we are clearly of the opinion that the case was removable, notwithstanding the final judgment in favor of all the other defendants in respect to all the other matters in controversy.

This disposes of the question on which the Court of Appeals based its decision ; but as the State court was not bound to surrender its jurisdiction until a case had been made which, upon its face, gave Yulee a right to the transfer, it remains to consider whether the record shows that what was done had that effect.

The petition and accompanying affidavits and bond were filed in court June 5, 1873. This was before the trial and thus in time, under the act of 1866, which in this respect differs from the act of 1789. When the cause was called for trial and after the jury was sworn, the counsel of Yulee directed the attention of the court to the' petition for removal, and asked that the complaint be dismissed for want of jurisdiction. This was in effect asking the court to proceed no further in the cause, as it had been withdrawn from the jurisdiction by reason of the proceedings for removal. As no objection was made specifically to the bond which was offered, we are to presume that the security was satisfactory, and that the court refused to withhold further proceedings because a case for removal had not been made.

We think the application was made in time. The trial had not commenced. The most that can be said is that preparations were being made for a trial.

The petition and the affidavits which accompanied it are to be taken together as part of the same instrument. They are also to be considered in connection with the other parts of the record to which they belong.

The evident purpose of the act of 1866 was to relieve a person sued with others in the courts of a State of which he was not a citizen, by one who was a citizen, from the disabilities of his co-defendants in respect to the removal of the litigation to the courts of the United States, if he could separate the controversy, so far as it concerned him, from the others, without prejudice to his adversary. In view of the fact that sometimes in the progress of a cause circumstances developed themselves which made such a transfer desirable, when at first it did not appear to be so, the right of removal in this class of cases was kept open until the trial or final hearing, instead of being closed after an entry of appearance, as was the rule under the act of

1789.   We think this gives such a party the right of removal at any time before trial, when the necessary citizenship of his co-defendants is found to exist, and the separation of his interest in the controversy can be made.   There is nothing in the act to manifest a contrary intention, and this construction does no more than give the party to whom this new privilege is granted an opportunity of availing himself of any circumstances that may appear in his favor previous to the time when. he is called upon finally to act.   In *Insurance Company* v. *Pechner* (95 U. S. 183), we held that the act of 1789 clearly had reference to the citizenship of the parties when the suit was begun, because the party entitled to the removal was required to make his election when he entered his appearance.   But here a party otherwise entitled to a removal is embarrassed by the presence of those whom he cannot control.   In view of this, the time of making his election is extended until he is brought to trial; and it is not at all in conflict with that case to say that he may avail himself of his release from the operation of the dis-- abilities growing out of his joinder in the action with other defendants, whenever that release occurs, if before trial or final hearing as to him.

When the application for removal was made, it appeared on the face of the record that Yulee, a citizen of Florida, had been sued with other defendants by Vose, a citizen of New York, in the courts of the State of New York, and that a part of the other defendants with whom he had been joined were then citizens of the State of New York.   It also appeared that the controversy, so far as it concerned Yulee, not only could be, but actually had been by judicial determination, separated from that of the other defendants.   This, as we think, gave Yulee a right to the transfer of his part of the suit to the Circuit Court, and required the State court to proceed no further.   Inasmuch as the Court of Appeals has sustained the judgment given after the refusal to permit the transfer to be made, the judgment of the Court of Appeals will be reversed, and the cause remanded for such further action in accordance with this opinion as may be necessary; and it is

                                                  . *So ordered.*