## NATIONAL UNION BANK OF DOVER v. GEORGE E. DODGE, TITUS W. MEIGS, AND OTHERS.

1. The jurisdiction of a state court over a cause is not, *ipso facto*, suspended by the filing of a petition and bond for the removal of the cause into the federal court. In cases arising under the act of congress, the question of jurisdiction rests upon this principle, if the case be one of which the federal court has jurisdiction, under the act of congress, upon compliance with its provisions for the removing the cause, the jurisdiction of the state court is, *ipso facto*, determined; but if the cause be one of which the federal court has not jurisdiction, under the act of congress, or the proceedings to remove it are not in compliance with the act, the state court retains its jurisdiction, notwithstanding a petition and bond be filed for that purpose.

2. Whether a particular cause has been removed from the state to the federal court, by the proceedings to effect its removal, may be decided by either court; but in case of a conflict of decision, the decision of the federal court will prevail, and if it be ultimately decided that the federal court had obtained jurisdiction over the cause, the proceedings in the state court, subsequent to the filing of the petition of appeal, if they be not considered void, as being *coram non judice*, will, at least, be reversed as erroneous.

3. If the proceedings on the part of a defendant to remove the cause into the federal court are so imperfect as not, in fact, to effect a removal of the cause, the suit in the state court is not stayed, pending the decision of the federal court as to the removal of the cause. If the defendant desires to protect himself from the consequences of proceedings in the state court, pending a decision by the federal court of the question of the removal of the cause, if, in fact, the decision on that subject be adverse to him, he should obtain a stay of proceedings either by *certiorari* or by an order of the state court to that effect.

4. Petition for the removal of a cause into the federal court, and bond, were filed. The federal court decided that the proceedings, not being in compliance with the act of congress, the cause was not removed, and made an order remanding the cause into the state court. *Held*— That interrogatories under Section 155 of the practice act (*Rev., p.* 872,) served after the petition and bond were filed, and before the order of remand was made, were regular.

5. Section 155 of the practice act allows interrogatories to be served by either party, upon the opposite party. If interrogatories may not be served upon a corporation which is a party to the suit, to obtain discovery under this section, they may be served upon the opposite party, who is an individual.

6. A writ of error issued out of the Supreme Court of the United States, directed to the Circuit Court, upon proceedings there for the removal of a cause to the federal court, will not operate as a stay of proceedings in the original suit, in the state court, after an order has been made, though bail in error has been filed and perfected in due season.

On rule to show cause why an attachment should not issue.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the rule, *H. C. Pitney.*

*Contra, Ashbel Green.*

The opinion of the court was delivered by

DEPUE, J. This suit was commenced by summons against the defendants, as partners, and makers of certain promissory notes. The writ was served on George E. Dodge and Titus E. Meigs, and returned not found as to the other defendants. Dodge was a citizen and resident of the State of New York, and Meigs a resident and citizen of New Jersey. On the 15th of October, 1878, Dodge filed a petition for the removal of the cause into the Circuit Court of the United States for the District of New Jersey, together with a bond, pursuant to the act of congress of March 3d, 1875. On the 1st of October, 1879, the judge of the Circuit Court made an order remanding the cause into this court, to be proceeded with according to law. Immediately after the entry of this order, Dodge sued out a writ of error to remove the order of remand into the Supreme Court of the United States.

Pending the proceedings in the Circuit Court, and before the order of remand was made, the plaintiff served interrogatories on both the defendants, under Section 155 of the practice act. *Rev., p.* 872.

The defendants having refused to answer the interrogatories, the plaintiff, after the order of remand was entered of

record in this court, obtained this rule to show cause why they should not be attached as for contempt.

The defendants resist the rule on several grounds. They contend, in the first place, that the interrogatories were improperly entitled in this court, and that, by filing the petition and bond, this court lost its jurisdiction of the cause.

In cases arising under the act of congress, the question of jurisdiction rests on this principle: If the case be one of which the federal court has jurisdiction under the act of congress, upon compliance with its provisions with respect to the procedure for removing the cause, the jurisdiction of the state court is, *ipso facto*, determined; but, on the other hand, if the cause be one of which the federal court has not jurisdiction under the act of congress, or the proceedings to remove it are not in compliance with the requirements of the statute, the state court retains its jurisdiction over the suit, notwithstanding a petition and bond be filed for that purpose.

In *Insurance Company* v. *Pechner*, 95 *U. S.* 183, Chief Justice Waite says: " The right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute. His petition for removal, when filed, becomes a part of the record in the cause. It should state facts, which, taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not, in law, shown to the court that it cannot ' proceed further with the cause.' Having once acquired jurisdiction, the court may proceed until it is judicially informed that its power over the cause has been suspended." In a later case, the Chief Justice said that the state court is not bound to surrender its jurisdiction until a case has been made, which, upon its face, gave the party a right to the transfer. *Yulee* v. *Vose*, 99 *U. S.* 539. Speaking on the same subject, Mr. Justice Gray uses this language: " In order to transfer the case from the state to the federal court, the requirements of the acts of congress must be strictly and fully complied with. It is only upon such compliance that the act declares it shall be ' the duty of

the state court to accept the surety and proceed no further in the suit.' If they are not complied with, the jurisdiction of the federal court does not attach—the jurisdiction of the state court is not affected, and it is its duty to proceed with the trial or other judicial disposition of the case, as if no attempt had been made to remove it. *Mahone* v. *M. & L. R. R. Co.*, 111 *Mass.* 74.

The theory that the jurisdiction of the state court is suspended temporarily by the filing of a petition for the removal of the cause, accompanied by a sufficient bond, is without judicial support. The jurisdiction and control of the state court over the suit are terminated only on the concurrence of the conditions that the cause be one that, in its nature, is removable into the federal court, and that the petition of appeal and the proceedings thereunder show compliance with the act of congress.

Whether the particular cause has been removed from the state to the federal court by the proceedings taken to effect its removal, may be decided by either court. In the state court, the inquiry is limited to the facts apparent on the record and on the face of the petition of removal. *Dill. on Removal of Causes* 75. If application be made to the state court to accept the petition and bond, and stay proceedings in the suit, the court should examine the papers so far as to be satisfied that the petitioner brings its case within the terms of the act of congress, before declining further jurisdiction over it. *Mahone* v. *Manchester and Lawrence R. R. Co.*, 111 *Mass.* 74.

For an erroneous decision by an inferior court in favor of its jurisdiction, after the petition and bond are filed, relief may be had by writ of error or an appeal to the appellate courts of the state, though it is doubtful whether an appeal will lie from an order staying the proceedings in the suit, until the question of its removal is decided in the federal court, for the technical reason that such order does not determine the action nor affect the substantial rights of the parties. *Stevens* v. *Phœnix Insurance Co.*, 41 *N. Y.* 149; *Illius* v. *N. Y. & N. H. R. R. Co.*, 13 *N. Y.* 597; *Holden* v. *Putnam Co.*

*Insurance Co.*, 46 *N. Y.* 1; *Whiton* v. *Chicago, &c., R. R. Co.,* 25 *Wis.* 424, and cases cited in *Dill.* 77, note. Such a decision is also subject to further review by writ of error or appeal in the Supreme Court of the United States. If there be a conflict of decision, the decision of the federal court will prevail; and if it be ultimately decided that the cause was one over which the federal court had obtained jurisdiction, the proceedings in the state courts, subsequent to the filing of the petition of appeal, if they be not considered void, as being *coram non judice*, will, at least, be reversed as erroneous. *Gordon* v. *Longest*, 16 *Pet.* 97; *Kanouse* v. *Martin*, 14 *How.* 23; *Insurance Co.* v. *Dunn*, 19 *Wall.* 214; *Insurance Co.* v. *Morse*, 20 *Wall.* 445; *Yulee* v. *Vose*, 99 *U. S.* 539. And if the decision of the state court on the subject be approved by the Supreme Court of the United States, on error or appeal to that court, the judgment of the state court will be affirmed, without an examination of the other objections appearing on the record. *Insurance Co.* v. *Pechner*, 95 *U. S.* 183; *Amory* v. *Amory, Id.* 186.

Upon argument in the Circuit Court, of the motion to remand, Judge Nixon held that the cause was one removable under the first clause of the second section of the act of 1875, but that, to authorize removal under that section, all the defendants should have joined in the petition of removal. He therefore held that the petition of removal, being in the name of one only of the defendants, was not in compliance with the act of congress, and for that reason, was ineffectual to remove the cause, and did not remove the same into the federal court. His opinion will be found in the second volume of the New Jersey Law Journal, page 333. Adopting the construction of the act of congress by the Circuit Court, upon the principle adjudged in Insurance Co. *v.* Pechner, this court was not, by the filing of the petition and bond, ousted of its jurisdiction of the cause, and was not concluded, for that reason, from proceeding to a final determination, according to its rules of practice.

But I do not consider the question whether the effort to remove the cause into the federal court was successful or not, decisive, under all circumstances, on the subject now under consideration. The act of congress and the ordinary rules of practice furnish a means of suspending the progress of the cause in the state court, while the propriety of its removal into the federal court is being inquired into.

By the seventh section of the act of congress of 1875, the Circuit Court is empowered to award a writ of *certiorari*, commanding the state court to make a return of the record; and by the fifth section, it is provided that if, at any time, it shall appear to the satisfaction of the Circuit Court that the cause was not removable under the act of congress, that court shall proceed no further therein, and shall remand the cause from the court from which it was removed. The writ of *certiorari* which the Circuit Court is empowered to resort to, is a common law writ, and by the common law is a *supersedeas*, and after service thereof, operates, *ex propria vigore*, as a stay of proceedings in the court to which the writ is directed, without any especial order to that effect. *Com. Dig., "Certiorari," G; Bac. Abr., "Certiorari," G; Kingsland v. Gould*, 1 *Halst.* 161; *McWilliams v. King*, 3 *Vroom* 21–24. Furthermore, though an order of the state court is not needful to effect the removal of the cause, yet the state court, on presentation of the petition and bond, may, in its discretion, order a stay of proceedings, leaving the removability of the cause to be adjudged in the federal court. If the cause be stayed by *certiorari* out of the federal court, or by an order of the state court, any step therein by the plaintiff, thereafter, will, for that reason, be treated as a nullity or be set aside as irregular. By either of these methods, a defendant may protect himself from the consequences of proceedings in the state courts, pending the decision of the removability of the cause, if, in fact, a decision on that subject be ultimately made adverse to him.

In this case, there was neither a writ of *certiorari* sued out, nor was there an order made in this court accepting the petition and bond, and directing a stay of proceedings. The

defendant simply filed the petition and bond, without soliciting any judicial action thereon. The clerk gave him a certified transcript of the record, as he is in duty bound to give any party an attested copy of the proceedings in a cause in which he is interested; and the matter was heard in the Circuit Court on that record. In this condition of affairs, the plaintiff was at liberty to go on with his cause in the state court, at the peril of his subsequent proceedings being treated as void or erroneous, if the federal court should decide that the cause had been transferred into that tribunal. The defendant also, by abstaining from invoking judicial action for a stay of proceedings, took upon himself the risk of being concluded by what might be done in the state court, if the federal court determined that the proceedings for the removal of the cause were ineffectual to accomplish that purpose.

The Circuit Court having adjudged that the petition filed and the proceedings had thereon did not remove the cause, the interrogatories were properly entitled in this court, and the service of them was entirely regular.

Nor will the fact that a writ of error was, in due season, sued out of the Supreme Court of the United States, to review the action of the Circuit Court in making the order of remand, debar the plaintiff from proceeding to compel the defendants to answer the interrogatories. The defendants complied with the rules of the court, by giving the required security within the time prescribed; but a writ of error sued out in season and perfected by proper security, only operates as a stay of process of execution on the judgment. *Rev. Stat. U. S.*, § 1007. It will not bar an action or any other proceedings upon the judgment, and the only relief attainable in those respects is by application to the court in which such action is pending, or such proceedings are being taken. *Suydam* v. *Adm'rs of Hoyt*, 1 *Dutcher* 230.

In the second place, the defendants insist that this case is not one in which interrogatories may be served. In *Apperson* v. *Mutual Benefit Life Ins. Co.*, 9 *Vroom* 272, this court held that the officers of a corporation could not be examined before

trial, under Section 159 of the practice act, for the reason that they were not parties to the action. That case does not apply. Section 155 allows service of interrogatories by either party upon the opposite party. If interrogatories may not be served upon a corporation which is a party to the suit, to obtain discovery under this section (which we do not affirm), that will not prevent service of interrogatories on the other party.

The rule to show cause is made absolute, with costs; and unless answer be made to the interrogatories within twenty days after service of a copy of this rule, the attachment should issue.