## MILLER *v.* CHICAGO, B. & Q. R. Co.

*(Circuit Court, D. Iowa.* October, 1881.)

REMOVAL OF CAUSE—LOCAL PREJUDICE ACT—CITIZENSHIP.

Under subdivision 3 of section 639 of the Revised Statutes it is not necessary, in order to the removal of a cause, that it should appear from the record that the parties were citizens of different states at the time the suit was commenced.

Motion to Set Aside Order Remanding Cause.

McCRARY, J. This suit was removed to this court from the state court under what is known as the "local prejudice act" of 1867, now embodied in the third subdivision of section 639 of the Revised Statutes of the United States. At the last term there was an order remanding the case to the state court. After said order was entered, the counsel for the defendant moved that it be set aside, and thereupon the court suspended its execution until that motion could be heard before the full bench. The question is whether, under the said third subdivision of section 639 of the Revised Statutes, it is necessary, in order to the removal of a cause, that it should appear from the record that the parties were citizens of different states at the time the suit was commenced. It was held in the case of *Ins. Co.* v. *Pechner,* 95 U. S. 183, that, under the twelfth section of the judiciary act of 1789, this was necessary. In the case of *Kaeiser* v. *Railroad Co.,* recently decided in this court, and reported in 6 FED. REP. 1, it was held that the same rule prevails under the act of March 3, 1875. In *Johnson* v. *Monell,* 1 Woolw. 390, it was held by Mr. Justice MILLER, while holding the circuit court, that under the local prejudice act, now embodied in the third subdivision of section 639, it was sufficient to show the citizenship of the parties at the time of the filing of the petition for removal. If, therefore, the last-named decision is not to be regarded as overruled by the two more recent decisions above cited, in both of which Mr. Justice MILLER concurred, the present motion must be sustained, and this court must retain jurisdiction of the case.

In view of these facts, and considering the importance of the question of practice involved, I have thought proper, with the concurrence of Judge LOVE, to submit the question to Mr. Justice MILLER for his opinion and advice, which he has very kindly furnished to us, as follows:

"I think it may be taken for granted now that the act of March 3, 1875, did not repeal the third clause of section 639 of the Revised Statutes. That clause, in describing the class of cases in which it authorizes a removal from a state to a federal court, begins by saying: 'When a suit *is* between a citizen of the state in which it is brought and a citizen of another state,' etc., it may be removed on account of prejudice or local influence. If the language here used is to be construed literally, undoubtedly such a suit *is* pending when

v.17,no.2—7

the application for removal is made. But apart from this restrictive view of the language of the Revised Statutes, which constituted the law when the act of 1875 was passed, it is to be observed that the *main ground* of removal under the act of 1867, embodied in this clause of the Revision, is the existence of 'prejudice or local influence.' Removal, where citizenship alone was the cause, has been provided for by other statutes, and is found in other sections of the Revision. But since removal for prejudice could not constitutionally be made without the required citizenship, it was necessary to incorporate into this statute so much on that point as to make the statute constitutional. It is not necessary, in that view, that the citizenship should have existed when the suit was brought. It is fair to presume that congress meant to say that whenever the requisite citizenship co-exists with such prejudice or local influence as will prevent a fair trial in the state court, the party liable to be injured by that prejudice—namely, the one who is a citizen of another state—may have the cause removed. As regards the case of *Ins. Co.* v. *Pechner*, I think I am not mistaken in saying that the ground of that decision was that congress *had not intended*—and the language used showed this—to allow a case to be removed on the ground of *citizenship alone*, except where that cause of removal existed when the suit was commenced. In the case before you citizenship is a necessary incident to removal, but is not the principal ground on which the right is founded, and there exists no language in the statute which implies a limitation of the right to citizenship in different states existing when the suit was brought. Nor does the reason apply; for surely it is right that, when prejudice or local influence will prevent a fair trial, a change of venue should be had; and if *then* the parties have the requisite citizenship, no reason is perceived why the change should not be to a federal court. No provision of the statute, nor any sound policy of law, forbids such a transfer of the case."

The motion to set aside the order remanding the case is sustained.

Love, J., concurs.

---

Section 639 of the Revised Statutes is not repealed by the act of March '3, 1875, except by merger; and a case which could have been removed under the former provision, but could not be under the latter act, may still be removed. *State of Texas* v. *Lewis*, 14 Fed. Rep. 65.

A suit cannot be removed from a state court, under the act of 1875, unless the requisite citizenship of the parties exists both when the suit was begun and when the petition for removal is filed. *Gibson* v. *Bruce*, 2 Sup. Ct. Rep. 873.—[Ed.