## KALAMAZOO WAGON CO. *v.* SNAVELY *et al.*

*(Circuit Court, D. Kansas.    April 9, 1888.)*

1. REMOVAL OF CAUSES—TIME OF TAKING.

  Under act Cong. March 3, 1875, § 3, giving the right of removal "before or at the time at which the cause could be first tried, and before the trial thereof," the fact that the non-resident removing party has procured an order of the state court dismissing the case set aside, and has noted the suit for trial, does not make the application too late.

2. SAME—SEPARABLE CONTROVERSY.

  A suit by a judgment creditor to subject land in the name of the debtor's brother to the payment of the judgment on the ground that the purchase price of the land was paid by the debtor. and the deed taken in the brother's name for the purpose of defrauding creditors, is not supplementary or auxiliary to the original suit, but an independent proceeding against new parties and on new issues, and is removable under the act of 1875.

On Motion to Remand.
*W. A. Johnson* and *A. Bergen*, for the motion.
*J. H. Gillpatrick* and *Osborne & Mills*, contra.

FOSTER, J.    The plaintiff, in September, 1885, obtained judgment in the district court of Anderson county against M. B. Snavely for $2,046, and on this judgment issued execution.    Defendant having no goods or chattels, the execution was levied on a tract of land in Anderson county, as the property of said judgment debtor, by order of said plaintiff. Thereupon the plaintiff brought suit in said state court against said M. B. Snavely, Harry E. Snavely and others, for the purpose of subjecting said real estate to the payment of his judgment.    He charges that said real estate was purchased and paid for by said judgment debtor, and that at his instance the deed was made directly to said Harry E. Snavely by the grantors, Thomas and David Lindsey, who are made defendants, and that no consideration was paid by the said grantee for said real estate, and that such purchase and transfer was so made and procured by the said M. B. Snavely while he was largely in debt to various parties, and

with the intent and purpose of defrauding and hindering and delaying his creditors in the collection of their debts. The defendants Snaveleys deny in their answer the plaintiff's allegations, and, further answering, deny that the consideration or any part thereof for said real estate was paid by said M. B. Snavely, but allege that the consideration therefor was paid by David Snavely, the father of said Harry, and that his father ordered the deed made as it was, and that said transaction was made in good faith, and without the participation in any manner of said judgment debtor. The plaintiff is a citizen of the state of Michigan, and the defendants are all citizens of Kansas. When the case was called for trial in the state court, at the September term, 1886, there was no one present to answer for the plaintiff, and the case was ordered dismissed for want of prosecution; but on the same day (September 9th) the attorney for plaintiff appeared and procured said order of dismissal set aside, and with his consent the case was set down for trial on the afternoon of the same day. When the case was called for trial the plaintiff presented his petition and bond for removal of the case to this court, which application was by the court denied, and said case dismissed. The plaintiff took out a transcript, filed the same in this court, and had the case docketed, and now defendants move to remand the same.

The first objection to the removal is that, as the plaintiff had procured the dismissal set aside in the state court, and with his consent the cause had been set for trial, he could not then apply for removal. This ground is not tenable, as it has been frequently decided that the party does not lose his right of removal until he has actually entered upon the trial. Section 3, act of 1875, gives the right of removal "before or at the time at which said cause could be first tried, and before the trial thereof." *Removal Cases*, 100 U. S. 473; *Yulee* v. *Vose*, 99 U. S. 545.

The other objection, and the one principally relied on, is that this court has no jurisdiction of the cause, for the reason that it is not an original and independent proceeding, but rather supplementary or auxiliary to the original suit. If such was the nature of this proceeding, the objection would be well taken; but in my opinion such is not the case.

This suit is an independent proceeding against new parties, and on new issues. It is a suit in equity to reach and subject the real estate claimed by a third party to the payment of the plaintiff's judgment. The principal defendant herein was a stranger to the other proceeding. The object and purpose of the plaintiff in setting up his judgment and execution against M. B. Snavely was to show his interest in the subject-matter, and his right to contest the *bona fides* of the transaction. I can see no substantial distinction of principle between this case and that of *Bondurant* v. *Watson*, 103 U. S. 281. There the judgment creditor levied on the real estate as the property of his debtor, and was about to sell. Watson, whose title came through the judgment debtor, claimed the property, and contended that it was not liable to the plaintiff's judgment, and brought suit in the state court to enjoin the judgment creditor from selling,—as if the plaintiff in this case had proceeded to sell

the land on his execution, and H. E. Snavely had brought suit to enjoin him. In the case cited the supreme court held that the cause was removable; that it was a new and independent controversy between new parties. The case of *Bank* v. *Turnbull*, 16 Wall. 190, to which my attention has been called, was a statutory proceeding to try in a summary way the title to personal property seized on execution, and is referred to and distinguished in *Bondurant* v. *Watson, supra.* See *Stackhouse* v. *Zunts*, 15 Fed. Rep. 481. This question is discussed in *Gaines* v. *Fuentes*, 92 U. S. 10, and *Barrow* v. *Hunton*, 99 U. S. 80, and the distinction between dependent and auxiliary actions on the one hand, and independent and original proceedings on the other, pointed out. This suit, in my judgment, comes under the latter class, and was removable under the act of 1875. Motion to remand denied.