BUSHNELL *v.* PARKER BROS. & CO., Limited.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

REMOVAL OF CAUSES—MOTION TO REMAND.

On filing of a bond and petition for removal of a cause from a state to a federal court, the state court is thereby deprived of its jurisdiction over the cause, and a motion to remand, for any cause, must be addressed to the federal court. O'BRIEN, J., dissenting.

Appeal from special term.

Action by Robert G. Bushnell against Parker Bros. & Co., Limited. Plaintiff appeals from an order denying his motion to vacate an order of removal of the cause into the circuit court of the United States.

Argued before VAN BRUNT, P. J., and DANIELS, and O'BRIEN, JJ.

*H. B. Closson,* for appellant. *William H. Arnoux* and *C. N. Bovee, Jr.,* for respondent.

O'BRIEN, J., (*dissenting.*) The statements in the petition filed to obtain a removal of the case, which are essential to present the questions involved upon this appeal, are that the matter in dispute in the suit exceeds the sum of $2,000; that the controversy is between citizens of different states; that the defendant is a Pennsylvania joint-stock company or corporation, and citizen and resident of the city of Pittsburgh, in the state of Pennsylvania; and that the plaintiff is a citizen and resident of the state of New Jersey. The removal act of March 3, 1887, as amended August 13, 1888, provides (sec-

tion 1) that the circuit courts of the United States shall have jurisdiction "of all suits of a civil nature, at common law or in equity, * * * in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of $2,000." Section 2 provides that "any suit * * * may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein being non-residents of that state." At the outset, in view of the confusion and uncertainty that have arisen, it is important to determine what is the proper practice upon a motion of this character. It is contended by defendant that it was improperly made in the supreme court, and that it should have been made on a motion to remand in the circuit court of the United States. It is desirable that some uniform rule should be adopted to prevent what has frequently happened when the state court has refused to remove, viz., having the judgment subsequently set aside by the supreme court of the United States for the error of the state court in refusing a removal. Under the removal act it is the presentation of a sufficient petition and bond that *ipso facto* and *eo instanti* removes the suit. It does not result, therefore, from any action taken by the state court upon the presentation of the proper petition and bond. If the petition be sufficient, no action taken by the state court can remove the suit, nor can any refusal by it to act prevent the removal. In *Stone* v. *South Carolina*, 117 U. S. 430, 6 Sup. Ct. Rep. 799, it is said that "a state court is not bound to surrender its jurisdiction of a suit on a petition for removal, until a case has been made which on its face shows that the petitioner has a right to the transfer," (citing cases.) It is undoubtedly true, as was said in *Steam-Ship Co.* v. *Tugman*, 106 U. S. 118–122, 1 Sup. Ct. Rep. 58, that upon the filing of the petition and bond, the suit being removable under the statute, the jurisdiction of the state court absolutely ceases, and that of the circuit court of the United States immediately attaches; but still, as the right of removal is statutory, before a party can avail himself of it he must show upon the record that his is a case which comes within the provisions of the statute. As was said in *Insurance Co.* v. *Pechner*, 95 U. S. 183, 185, his petition for removal, when filed, becomes a part of the record in the cause. It should state facts which, when taken in connection with such as already appear, entitle him to the transfer. If he fails in this, he has not in law shown to the court that it cannot proceed further with the suit. "Having once acquired jurisdiction, the court may proceed until it has been judicially informed that its power over the cause has been suspended." "The mere filing of a petition for the removal of a suit which is not removable does not work a transfer. To accomplish this, the suit must be one that may be removed, and the petition must show a right in the petitioner to demand the removal. All issues of fact made upon the petition for removal must be tried in the circuit court, but the state court is at liberty to determine for itself whether, on the face of the record, a removal has been affected."

Without deciding whether or not the United States court can properly entertain a motion to remand based solely on the petition, there is both reason and authority for holding that the state court has jurisdiction to entertain the motion for a denial of the petition for a removal where the same is based solely upon the petition itself, and raises no disputed question of fact, but simply one of law. It can determine whether, taking all the allegations of the petition as true, it makes out a case for removal under the statute. On the other hand, if the plaintiff wishes to deny any of the allegations of the petition, and in that way to raise a question of fact, he must make that motion upon answering affidavits to the federal court, which alone has jurisdiction upon such applications to determine questions of fact as distinguished from questions of law. In *Railway Co.* v. *Dunn*, 122 U. S. 513, 7 Sup. Ct. Rep. 1262, the court says: "The record closed, so far as the question of removal

is concerned, when the petition for removal is filed and the necessary security furnished.   It presents, then, to the state court a pure question of law, and that is whether, admitting the facts stated in the petition for removal to be true, it appears on the face of the record, which includes the petition and the pleadings and proceedings down to that time, that the petitioner is entitled to a removal of the suit.   That question the state court has the right to decide for itself, and if it errs in keeping the case, and the highest court of the state affirms its decision, this court has jurisdiction to correct the error, considering for that purpose only the part of the record which ends with the petition for removal."

The proceeding to obtain the removal *ex parte* simply requires the presentation of the petition and bond, and the only act of the judge receiving the same is to accept the petition, and approve the bond.   It is evident, therefore, that a plaintiff, after a proceeding thus taken by the defendant without notice to him, has a right to move to vacate the *ex parte* proceeding by a motion upon notice properly made to the court, and thus is brought before it the same questions, with the same right to pass thereon, as if the original application of the defendant had been noticed.   This practice was followed in the case of *Hunter* v. *Insurance Co.*, 1 New York Daily Reg. March 13, 1888. There an *ex parte* proceeding was had, and subsequently, upon the plaintiff's motion, for defects appearing on the face of the papers, the order was vacated by the court at special term, Mr. Justice BARRETT saying: "This court has jurisdiction to determine the question of law arising upon the undisputed facts set out in the petition, (122 U. S. 513, 7 Sup. Ct. Rep. 1262;) and, in the case of inadvertent acceptance of the petition and bond, to reject the latter, and proceed in the cause, (*Beadleston* v. *Harpending*, 32 Fed. Rep. 644.) The case of *Chamberlain* v. *Trust Co.*, 11 Hun, 370, which is a decision of this court, is relied upon by the defendant as an authority against the right of the court to entertain the motion; but an examination of that case will, I think, show that it is in complete harmony, not only with the view expressed by Mr. Justice BARRETT, but the decision quoted of the United States supreme court." In the opinion in that case, DAVIS, J., says: "The only questions which we have any power upon this appeal to consider are whether the petition did set forth the jurisdictional facts required by the act of congress, and whether the security offered was such as to call for its approval by the court below; for * * * if the court below had jurisdiction to make the order upon the facts presented and found, and upon the bond or security given, its order was completely effective to transfer jurisdiction to the circuit court of the United States, and to divest this court of all jurisdiction of the case."   It is true the court held, the questions involved arising outside the petition itself, that the appellant's remedy was by a motion in the United States circuit court to have the cause remanded.   It will be noticed, however, that the decision expressly recognizes the right of the state court to consider and determine whether the petition sets forth the jurisdictional facts, and as to whether the bond offered called for its approval by the court below.   The motion in this case, therefore, having been made upon the petition, and there being no disputed questions of fact, the court below was in error in intimating that the practice was an application to the circuit court to have the cause remanded.   The motion, therefore, having been properly made, it remains to be determined whether it was rightly decided.

Upon the part of the appellant it is contended that the petition was defective in two particulars: *First,* that it did not allege that the defendant was not also a resident of the state of New York, and failed to deny the allegations of the complaint that for many years it had carried on business here,—had an office and a large amount of property here; *second,* that the statement that defendant is "a Pennsylvania joint-stock company or corporation," being in the alternative, is wholly insufficient, because it is impossible to determine

whether the *status* of citizenship in Pennsylvania is predicated of "the joint-stock company" or the "corporation."

This brings us to the consideration of the real question on this appeal. The petition here states that the defendant is a Pennsylvania corporation and citizen of that state, and a resident of the city of Pittsburgh, in that state. This is claimed by the appellant to be defective, because it does not in addition allege that the defendant was not a resident of the state of New York, contending that, within the meaning of the word as used in the removal act, a corporation is a "resident" of any state where it regularly maintains an office and carries on its business and owns property. A lamentable conflict exists between the circuit courts in different sections of the Union upon this important question of removal. On the one hand, it has been held in numerous cases that a corporation, though carrying on business in several states, can have a residence only in the state in which it was created; so that the averment that the corporation was created under the laws of a certain state precludes the idea that it may become a resident of another state, and is sufficient in the petition for the removal of a cause from a state to a federal court. *Myers* v. *Murray, Nelson & Co.*, 43 Fed. Rep. 695; *Fales* v. *Railway Co.*, 32 Fed. Rep. 673; *Henning* v. *Telegraph Co.*, 43 Fed. Rep. 97; *Purcell* v. *Mortgage Co.*, 42 Fed. Rep. 465; *Filli* v. *Railroad Co.*, 37 Fed. Rep. 65; *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1. On the other hand, it has been held that a corporation is a citizen of the state under whose laws it is organized. For the purposes of suing and being sued, it may become a resident of each state in which it does business under state law. The rule under the removal act of August 13, 1888, as to natural persons, is applicable to corporations. When a corporation of one state is sued in the courts of another state, a petition for removal is not sufficient, unless it alleges, in addition to the usual averments as to citizenship, that it is a non-resident of the state in which it is sued. *Zambrino* v. *Railway Co.*, 38 Fed. Rep. 449; *Riddle* v. *Railroad Co.*, 39 Fed. Rep. 290; *Scott* v. *Cattle Co.*, 41 Fed. Rep. 225. As was said by SHIRAS, J., in *Myers* v. *Murray, Nelson & Co.*, *supra:* "In the conflict of the rulings in the circuit courts, resort must be had to the decisions of the supreme court." I cite a few thereof. In *Insurance Co.* v. *Francis*, 11 Wall. 210, it is said: "A corporation can have no legal existence outside the sovereignty by which it was created. Its place of residence is there, and can be nowhere else; and, like a natural person, it cannot change its domicile at will, and, although it may be permitted to transact business where its charter does not operate, it cannot on that account acquire a residence there." See, also, *Ex parte Schollenberger*, 96 U. S. 377; *Railroad Co.* v. *Koontz*, 104 U. S. 5; *Pennsylvania R. Co.* v. *St. Louis, A. & T. H. R. Co.*, 118 U. S. 290, 6 Sup. Ct. Rep. 1094. In *Muller* v. *Dows*, 94 U. S. 444, it is said: "A corporation itself can be a citizen of no state in the sense in which the word is used in the constitution of the United States. A suit may be brought in the federal courts by or against a corporation, but in such case it is regarded as a suit brought by or against the stockholders of the corporation, and for the purposes of jurisdiction it is conclusively presumed that all the stockholders are citizens of the state which by its laws created the corporation." In *Railroad Co.* v. *Koontz, supra*, Mr. Chief Justice WAITE, in delivering the opinion of the court, says: "A corporation may, for the purposes of suit, be said to be born where by law it is created and organized, and to reside where, by or under the authority of its charter, its principal office is. A corporation, therefore, created and organized under the laws of a particular state, and having its principal office there, is under the constitution and laws, for the purpose of being sued, a citizen of that state, possessing all the rights and having all the powers its charter confers. It cannot migrate or change its residence without the consent, express or implied, of its state; but it may transact business wherever its charter allows, unless prohibited by local

laws. Such has been for a long time the settled doctrine of this court. It must dwell in the place of its creation, and cannot migrate to another sovereignty."

It may be true that the word "residence," as used in the Code (Section 636,) relating to attachments, and in section 54, c. 358, Laws 1863, as construed in the case of *People* v. *Platt*, 117 N. Y. 159, 22 N. E. Rep. 937, received a different interpretation; yet it must be remembered that the question here involved is the construction of the word "resident," as used in the removal act, and, that being a statute of the United States, we should look to the federal courts for a determination as to its meaning as thus used. In our opinion, the weight of authority is in favor of the view taken by the judge below, holding that the defendant, for the purposes of removal under the act of congress of 1888, cannot be considered a resident of any state other than the state of Pennsylvania, under whose laws it was chartered. Assuming, therefore, that the weight of authority is in favor of the construction as contended for by the respondent, it is still insisted that the petition is defective, and fatally so, in that it alleges that the defendant "is a joint-stock company or foreign corporation," organized under the laws of the state of Pennsylvania, etc.

It is urged that although the defendant, if a corporation, could remove the case, it certainly could not if it be a joint-stock company. The petition leaves it uncertain which of the two the defendant is; nor is it to be assumed that these appellations of "joint-stock company" and "corporation" are synonymous, for we know that the latter has been held to be a mere partnership. It is necessary that the petition should distinctly aver the jurisdictional facts, and we do not think that an allegation in the alternative is such a distinct averment. Moreover, upon a question of ousting this court of jurisdiction, the presumption with regard to a sworn statement should be that, where it is susceptible of two constructions, that one should be given which is against the person making it. The alternative statement in the petition implies, at least, that defendant is a joint-stock company. Assuming, therefore, the statement to be that the defendant is a joint-stock company, the question is presented similar to the one that arose in *Chapman* v. *Barney*, 129 U. S. 677, 9 Sup. Ct. Rep. 426, where the court, in delivering the opinion, used the following language: "But, aside from all this, we are confronted with the question of jurisdiction, which, although not raised by either party in the court below or in this court, is presented by the record, and, under repeated decisions of this court, must be considered. The ground upon which the jurisdiction of the federal court is invoked is that of diverse citizenship of the parties." In *Robertson* v. *Cease*, 97 U. S. 646, 649, it was said that, "where jurisdiction depends upon the citizenship of the parties, such citizenship, or the facts which in legal intendment constitute it, should be distinctly and positively averred in the pleadings, or they should appear affirmatively, and with equal distinctness, in other parts of the record. On looking into the record, we find no satisfactory showing as to the citizenship of the plaintiff. The allegation of the amended petition is that the United States Express Company is a joint-stock company, organized under a law of the state of New York, and a citizen of that state. But the express company cannot be a citizen of New York, within the meaning of the statutes regarding jurisdiction, unless it be a corporation. The allegation that the company was organized under the laws of New York is not an allegation that it is a corporation. In fact, the allegation is that the company is not a corporation, but a joint-stock company; that is, a mere partnership. * * * The company may have been organized under the laws of the state of New York, and may be doing business in the state, and yet all the members of it may not be citizens of the state." This defect in the petition, being a jurisdictional one, calls for a

reversal of the order, with costs and disbursements, but without prejudice to defendants filing a new petition. Ordered accordingly.

VAN BRUNT, J. I do not concur in the result of this opinion. I think that the motion to remand the cause should be heard in the United States courts, as no adjudication that we can make will deprive that court of jurisdiction, if they hold the allegations of the petition to be sufficient, which they may very well do. The order should be affirmed, with costs.

DANIELS, J. I agree that the approval of the bond, and filing that with the petition, transferred this action to the United States circuit court, and this court was thereby divested of its jurisdiction over it. If the proceeding was, for any cause, irregular, the motion to send the action back to this court on that account should be addressed to the circuit court; and this court accordingly can do no less than to affirm the order of the special term.