## BACK *v.* SIERRA NEVADA CONSOLIDATED MIN. CO.

*(Circuit Court, D. Idaho.   June 30, 1891.)*

1. **FEDERAL COURTS—TRANSFER OF CAUSES FROM TERRITORIAL COURTS.**
   Transfer of causes to national courts, under the admission act of Idaho, may be made by certified copies of the files and records, and such courts have no power to compel a state court to transmit its files and papers.

2. **SAME—SUFFICIENCY OF RECORD.**
   The record must show that the facts at the commencement of the action were such as would give the United States court jurisdiction had it then existed; and an affidavit showing the value of the matter in dispute when it was made, instead of when the action was commenced, is insufficient.

*(Syllabus by the Court.)*

On Motion to Dismiss the Record.
*W. B. Heyburn,* for plaintiff.
*Albert Hagan,* for defendant.

BEATTY, J.   The record in this cause shows that the plaintiff claims to be the owner of the Pilgrim tunnel site, located in pursuance of the provisions of section 2323, Rev. St. U. S., and defendant claims to be the owner of the Sierra Nevada mining claim; that, to defendant's application for a patent for such mining claim, the plaintiff interposed in the land-office his protest, and, in support thereof, brought this action in the district court of Idaho territory; that on the 9th day of July, 1890, after the admission of Idaho as a state on the 3d day of said month, the plaintiff filed in said territorial court his request for a transfer of the cause to this court, and at the same time, with his request, filed his affidavit, stating therein "that the said action is one brought under the laws of the United States, and that the adjudication of the issues therein made involves the construction of the acts of the congress of the United States," and "that the sum and value involved in said action exceeds the sum of two thousand dollars, exclusive of costs."   On the 17th day of October, 1890, the plaintiff filed in this court a transcript of the record of said cause.   The defendant, on the 7th day of April, 1891, filed in this court a motion to strike from the files and dismiss said transcript, and on the next day the plaintiff filed his motion for an order of this court directing the court and clerk having the custody of the original papers to transmit the same to this court.

The questions involved in this hearing are the motion to dismiss the transcript, the motion for an order on the state court and clerk to transmit to this court the original files in the cause, the value of the matter in dispute, and whether the construction of a congressional act is involved in determining the issues in the cause.   In accordance with the decision of this court, the learned circuit judge presiding, rendered June 18, 1891, in the case of *Burke* v. *Concentrating Co.*, 46 Fed. Rep. 644, it is concluded that duly-authenticated copies of the original files and record in the territorial court may be used here, and that this court has no power to compel the state court, now the custodian of such files and
v.46F.no.12—43

records, to transmit them. Does the record now before the court show that the matter in dispute exceeded in value, at the time this action was commenced, the sum of two thousand dollars? This must have been so to give this court jurisdiction, for it must be conceded that the transfer from the territorial to the national courts of any "cause, proceeding, or matter," pending in the former at the date of Idaho's admission as a state, must be governed by the provisions of the enabling act; and any general statutes for the removal of causes from state courts in conflict with such act do not apply. Section 18 of such enabling act provides for the transfer only of actions then pending, which might have been commenced in this court had it existed "at the time of the commencement of such cases." Under the general removal acts, the entire record may be examined for a disclosure of the jurisdictional facts. As there is no limitation to this rule in the enabling act, it follows that the entire record, including the request for transfer, with all pertinent affidavits and papers connected therewith, may be considered. The affidavit referred to, filed with the request, alleges that the sum and value involved in said action "exceeds the sum of two thousand dollars, exclusive of costs." It is objected that this is a statement of the value only at the date the affidavit was made, and not on the 29th day of August, 1887, when the action was commenced; while the plaintiff insists that the phraseology of this affidavit differs from that of some others, which have recently been judicially construed, and that this may fairly be construed as sufficient to show the value at the time the action was commenced. It is true the affidavit does differ from others, and does not follow the language of the statute, which is "the matter in dispute," not the sum or value involved; but it cannot be perceived how this difference inures to plaintiff's advantage. The statement of "the sum or value involved," if it can be construed as a compliance with the statute, must be held as equivalent to the phrase, "the matter in dispute;" and the affidavit says: "This sum or value—this matter in dispute—exceeds" now—July 9, 1890; not on August 29, 1887—the sum of $2,000. The only construction that can be placed upon this clause is that it was an allegation of value at the date the affidavit was made. That the affidavit is insufficient to show the value at the time the action was commenced is supported, I think, by the weight of authority, and certainly by the following: *In-surance Co.* v. *Pechner*, 95 U. S. 183; *Beede* v. *Cheeney*, 5 Fed. Rep. 388; *Strasburger* v. *Beecher*, 44 Fed. Rep. 209. It is noted that the affidavit does not allege the amount to be exclusive of interest. Whether this statement is necessary, depends upon the nature of the matter in dispute.

Can the value of the matter in dispute at the time the action was commenced be learned from any part of the record? In this connection it is pertinent first to inquire what the matter in dispute is. The complaint sets forth the circumstances of the location of said tunnel site and the Sierra Nevada mining claim; that plaintiff owns the tunnel site, on the line of which, or across which, the mining claim is located; that he is running his tunnel "in the direction of said lode or ledge, so discovered and called the 'Sierra Nevada,' as aforesaid, for the purpose of in-

tersecting and cutting the same, and that he intends, when the same shall have been so intersected and cut, to locate the same according to the provisions of said section 2323, * * * and claim the same, or so much thereof as he is entitled to claim under said statute;" that the defendant has made application for patent for said mining claim, against which plaintiff has made his protest and brought this action, and asks that it be decreed that the location of said mining claim be held void, and that defendant have no title thereto. The plaintiff does not now claim any portion of said mining claim, or of its ledge, nor ask any judgment therefor, or anything for himself, except as it may be included in the prayer for general relief; but says that if a certain event shall happen, he will claim said ledge, or some portion thereof, but nothing in the complaint or record shows where such tunnel will, if at all, intersect the ledge, or what particular portion of the mining claim plaintiff will claim, if he finally shall claim but a portion. Must not the matter in dispute be some particular property, thing, or right, which both parties claim adversely to each other, and for which the judgment of the court is asked? It may be said the entire mining claim is in controversy in this action, because the effect of the judgment which defendant asks would be to finally give it a patent for such claim, and this is the very thing which plaintiff by this action resists and desires to prevent; but the question occurs whether the plaintiff can insist that defendant's proceedings shall be stayed, when he sets up no present claim or title to the mining claim. This purports to be an action brought under the provisions of section 2326, but in such action both parties claim the right to the possession to some particular tract of ground. Such is not this case, for the plaintiff does not claim now any right of possession to the mining claim. These suggestions are not designed to indicate that this action cannot be maintained, but they point to the conclusion that neither the mining claim, nor any portion thereof, is now the matter in dispute between these parties. In *Elgin* v. *Marshall*, 106 U. S. 578, 1 Sup. Ct. Rep. 484, it is held that the matter in dispute is that which is claimed by both parties. It says that sections 691, 692, Rev. St., "have reference to the matter which is directly in dispute in the particular cause;" and it is not permitted, "for the purpose of determining the sum or value, to estimate the collateral effect in a subsequent suit between the same or other parties. * * * The rule, it is true, is an arbitrary one; but, as it draws the boundary line of jurisdiction, it is to be construed with strictness and rigor. * * * It [jurisdiction] ought not to be extended by doubtful construction." Whether, however, in this case, "the matter in dispute" is the mining claim or the tunnel site, or a portion of either, there is no direct allegation in the complaint, either showing what it is, or its value. The only allegation or statement in the entire record, aside from that in the affidavit already noticed, tending to show the value, is that in defendant's answer, that the defendant, "during the years 1887 and 1888, has expended in work, labor, and improvements thereon [the vein, lode, or ledge in said mining claim] not less than fifty thousand dollars." It does not appear whether this was expended on

that portion of the property which the plaintiff may claim, or on some portion he may never claim; or, conceding that he may claim all said mining claim, and that it is the matter in dispute, does such allegation show the value of the property exceeded $2,000, or that it was of any value whatever? It certainly justifies a very strong presumption—even a belief—that the mining claim was worth such sum; but a presumption is not sufficient. Every jurisdictional fact must appear distinctly, clearly, and positively, and not be left a subject of speculation or question. · For aught that appears here, the $50,000 may have been so improvidently expended as not to have benefited the property, nor does the allegation show that any of the expenditure was made prior to the commencement of the action.

Having reached the conclusion that the value of the matter in dispute is not such as to give this court jurisdiction of the cause, whether in the determination of the issues a construction of congressional laws is involved will not be considered; neither will be noticed defendant's affidavit, stating the subsequent proceedings and trial of the cause in the territorial court after the request for transfer was refused, further than to add that, after refusal by such court to transfer the cause, the plaintiff was fully justified in appearing in the action, and protecting his interests in all subsequent proceedings in that court, and such action on his part cannot be questioned here. The defendant's motion in this cause is "to strike from the files of this court, and dismiss therefrom, the alleged transcript of said cause," chiefly because it is a transcript, and not the original papers; but upon the argument all the questions above referred to were fully considered. While there is no motion to remand, nor any original papers, records, or files to be returned to any other court, it is the duty of this court, whenever it discovers a cause is improperly upon its calendar, even without motion of the parties thereto, to remand or dismiss it.

It is therefore ordered that all papers, files, and transcripts in this cause on the files of this court be stricken out, and the cause be dismissed.